## 5405.  CARTER *v.* THE STATE.

Since "no case shall be carried to the Supreme Court upon any bill of exceptions so long as the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause, or final as to some material party thereto" (Penal Code, § 1096), the motion to dismiss the bill of exceptions in this case must be sustained.

DECIDED MARCH 26, 1914.

Indictment for embezzlement; from Gilmer superior court—
Judge Patterson.   December 11, 1913.

J. H. Carter was indicted by the grand jury of Gilmer county
at the October term, 1912, for the crime of embezzlement.   At the
May term, 1913, he made a demand for trial, and at the October
term, 1913, requested the court to pass an order discharging him,
on account of the fact that he was not tried before the court declared
a recess under an order adjourning the regular October term to
December 8, 1913.   The trial court refused to grant such discharge,
and the defendant excepted, and brought the case to this court on
the sole question whether the adjourned session of the next term
of court after the demand for trial was entered upon the minutes
came within the meaning of the words, "the next succeeding term
thereafter," as used in section 983 of the Penal Code.   This court
decided against the contention of the defendant, and held that an
adjourned term was but a prolongation of the regular term, and
that at the adjourned term the court had all the power it had
when first regularly convened.   14 *Ga. App.* 242 (80 S. E. 533).
The case against the defendant came up for trial at the Octo-
ber adjourned term, which commenced on December 8, 1913,
and at that time the defendant filed a special plea in bar, alleging
that the judge of the superior court of Gilmer county regularly
drew the grand and petit juries, in compliance with law, during the
May term, 1913, from the jury-box as made up in accordance with
law prior to that time by the regularly appointed and qualified
jury commissioners; and that the jury drawn at the said May term
tried cases during the October term, 1913, until the court took a
recess on the 18th day of October, 1913, under an order adjourning
the court to the 8th day of December, 1913; that on the 18th day
of October, 1913, the judge passed an order discharging the jury
commissioners and appointed new jury commissioners for the said
county, and directed them to convene at the court-house within 10
days from said date, and proceed to revise and make a new jury-list
for the county, and to prepare new boxes and lists of jurors, and
directed that upon completion of their work the said commission-
ers, together with the ordinary of said county, should at once draw
30 names from the grand jury box to serve at the said October
adjourned term in December, 1913, and also new traverse juries
for said adjourned term, and that the sheriff serve the jurors, etc.;

that in compliance with the said last order the jury commissioners convened and destroyed the grand and petit jury names that were placed in the jury-boxes at the last previous regular revision, and made the revision directed, and prepared new lists of jurors, and placed the names of said jurors in the jury-boxes for said county, and drew therefrom, in conjunction with the ordinary of the county, on October 29, 1913, grand and petit juries to serve at the October adjourned term, 1913. The defendant further alleged, in his special plea, that from the juries drawn as aforesaid on October 29, 1913, the petit juries impaneled to try cases at the October adjourned term and constituting the petit juries impaneled and serving at the said term were illegally drawn, and were incompetent to try him and that, the only legal, qualified, and competent jury lists or boxes of said county having been destroyed by order of the court, and the court having failed to give the defendant a trial under his demand at the regular October term of said court, and the court by its order having rendered it impossible to give the defendant a legal trial before competent jurors during the October adjourned term or before the next regular April term, 1914, he was entitled to be discharged under his demand previously filed. The trial judge overruled the special plea in bar and the motion for discharge, and ordered that the case proceed to trial. The order overruling the special plea and refusing the discharge is the judgment complained of in the bill of exceptions.

The record does not disclose whether the October adjourned term, 1913, of the superior court has ever yet been finally adjourned, and, so far as the record reveals, the adjourned term may still be in session; nor does it appear what is the present status of the case against the defendant. It appears from the record that the plea asking for discharge was filed before the putting of the panel on the defendant, and without any challenge to the array, and before the filing of any plea of not guilty.

*F. B. Carter, B. L. Smith, O. R. Dupree, N. A. Morris, G. D. Anderson,* for plaintiff in error.

*Herbert Clay, solicitor-general, George F. Gober,* contra.

WADE, J. (After stating the foregoing facts.) Section 998 of the Penal Code provides: "The accused may, in writing, challenge the array for any cause going to show that it was not fairly or properly impaneled, or ought not to be put upon him; the suffi-

ciency of which challenge the court shall determine at once. If sustained, a new trial shall be ordered; if not sustained, the selection of jurors shall proceed." From aught the record definitely discloses, the defendant may have challenged the array when the panel was put upon him and subsequently to the overruling of his special plea and his demand for a discharge, and the trial judge may have sustained the challenge and ordered a new panel; or the trial may have proceeded and a conviction may have resulted; a motion for a new trial may have been granted or refused, or may be now pending undisposed of. It is true that it appears, from the motion to dismiss the bill of exceptions, that the defendant was convicted and filed a motion for a new trial, which was to be heard on February 12, 1914, unless further continued, but it does not appear that the motion for a new trial has ever been disposed of.

Since it appears from the record that it still was possible for the trial judge to summon a legal jury, if the jury impaneled was not such a jury, before the close of the adjourned term of the court during which the defendant, unless tried, was entitled to a discharge on account of the filing of his demand for trial (provided the proper challenge to the array was entered by the defendant and the challenge was sustained by the judge), it appears that the judgment complained of in the bill of exceptions would not, under any view of the case, finally dispose of the case, and that the bill of exceptions was brought prematurely. The motion to dismiss the writ of error is therefore sustained. *Duke* v. *Story,* 113 *Ga.* 112 (38 S. E. 337). The plaintiff in error is granted leave, should he desire to do so, to file the bill of exceptions as exceptions pendente lite in the cause.

    *Writ of error dismissed, with direction. Roan, J., absent.*